IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00626-BNB

DARRICK ALEXANDER,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPT. OF CORRECTIONS,
THE COLORADO DEPT. OF CORRECTIONS & ITS AFFILIATES, public &/or private,
STERLING CORRECTIONAL FACILITY, and
COLORADO DEPT. OF CORRECTIONS STAFF, et al.,

    Defendants.

## ORDER

This matter is before the Court on the motion for a temporary restraining order (ECF No. 1) filed by Plaintiff, Darrick Alexander. Mr. Alexander is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Alexander seeks to be removed from the custody of the DOC and placed in a federal facility in Englewood, Colorado, to serve his sentence.

The Court must construe the motion liberally because Mr. Alexander is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Mr. Alexander alleges that he has been harassed and mistreated since he entered the DOC in 2009 because he was convicted of assaulting a peace officer. He maintains that his life is in danger as long as he remains in the custody of the DOC, and he asks to be transferred to the federal penitentiary in Englewood because placement in any other non-DOC facility would impose a hardship on his mother who lives in the Denver area. Mr. Alexander specifically "requests because of the hazards at issue & the potentional [sic] increase of fatality that the injunction be granted without the requirement of notifying the defendants at the risk of retaliation & increase of hazard." (ECF No. 1 at 19.)

The Court finds that Mr. Alexander is not entitled to issuance of a temporary restraining order. The Court notes initially that Mr. Alexander has not even filed a pleading in this action that identifies clearly who he intends to sue and that provides a short and plain statement of the specific claims for relief he intends to pursue. More importantly, Mr. Alexander fails to demonstrate he will suffer immediate and irreparable injury before Defendants can be heard in opposition. With the exception of one specific allegation in the motion for temporary restraining order regarding an incident that occurred on February 28, 2012, when Mr. Alexander allegedly found a razor blade in his

food (*see* ECF No. 1 at 17), the motion consists of allegations of past harm, some of which extend back to 2009, that do not demonstrate Mr. Alexander is facing immediate and irreparable injury. Finally, the relief Mr. Alexander seeks, transfer to a different facility, is not appropriate by means of a temporary restraining order because the purpose of a temporary restraining order is to preserve the status quo. *See Sosa v. Lantz*, 660 F. Supp.2d 283, 290 (D. Conn. 2009). Therefore, the motion for a temporary restraining order will be denied. Accordingly, it is

ORDERED that the motion for temporary restraining order (ECF No. 1) filed on March 12, 2012, is denied.

DATED at Denver, Colorado, this   15th   day of    March   , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court